# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

DELITHA A ALLEN and WAYMOND L ALLEN,

Debtors.

Chapter 13

No. 4:11-bk-02401-JMM

**MEMORANDUM DECISION**

Before the court is the application for fees by Debtors' counsel, Ronald V. Thomas (ECF No. 34). Counsel seeks approval of $5,500 for work on the administrative file. The court has reviewed the entire case, and determines that $4,500 is a reasonable and fair fee for the administrative phase of this case, to and through confirmation, whenever that may be.

In addition, the court finds that an additional $500 was earned for the adversary proceeding involving the "lien scrape-off" of the lien of 21st Mortgage Corporation. It ended quickly via a stipulation with the secured creditor.

Still pending is a contested "cramdown" action against CitiMortgage, Inc. regarding realty in Omaha, Nebraska. That matter will turn on a valuation of the property. Currently, trial is set for the week of March 5, 2012.

## DISCUSSION

The administrative case is not deserving of a fee in excess of $4,500, which is this court's (indeed, this District's) standard "no look" fee.

1    The Debtors are in a wage-earner case, not a business case. Their asset structure is

2    generally unremarkable, and most of their assets are properly exempted. The Debtors have two

3    parcels of land, their residence in Maricopa, and a piece in Omaha. They have three vehicles,

4    household goods and clothing, and some small IRA accounts.

5        There are 34 unsecured creditors, with total debt of $73,969.

6        Debtors' counsel has only checked 9 of the 19 boxes in the "cafeteria plan" style fee

7    agreement. This is unacceptable. In addition, he has charged $625 for attendance at the

8    § 341(a) meeting in Casa Grande, taking 2.5 hours to do so. This expense is unreasonable,

9    since competent counsel exist in Casa Grande to handle this case, either on a substitute counsel

10   basis, or to handle the whole case.

11       The Plan, too, is not unusual. The Debtors agree to pay creditors, over a 60-month

12   period, $850 per month.

13       There does not appear to be taxes owed, nor are stay violations evident, and other than

14   the two adversaries, there are no other non-routine matters.

15

16                                   **CONCLUSION**

17

18   Accordingly, the court finds and concludes that:

19   1. For the administrative portion of the case, counsel has earned a reasonable and

20      fair fee of $4,500. Because Debtors' counsel has received $2,750, the plan may

21      include the balance in any plan payout ($1,750).

22   2. For Adversary No. 11-ap-1620, counsel has earned a reasonable and fair fee of

23      $500.

24   3. For Adversary No. 11-ap-1629, no decision is yet made, pending its final

25      outcome. At that time, Debtors' counsel may seek an additional fee.

26   4. The costs indicated are appropriate, and may be paid as well, either through the

27      plan or from the retainer on hand.

28

| | |
|---|---|
| 1 | 5. The retainer of $100 may be used to offset any award. Debtors' counsel shall |
| 2 | notify the Trustee as to how the balances have been adjusted due to this order. |
| 3 | 6. A separate order will enter. |
| 4 | |
| 5 | DATED AND SIGNED ABOVE. |
| 6 | |
| 7 | COPIES to be sent by the Bankruptcy Noticing Center ("BNC") to the following: |
| 8 | |
| 9 | Attorney for Debtors<br>Trustee |
| 10 | Office of the U.S. Trustee |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |